UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCTAYVIOUS J. LEWIS,

    Plaintiff,

v.

MICHIGAN SECRETARY OF STATE,

    Defendant.

Case No. 24-13249
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING COMPLAINT [1]**

In March of 2024, Octayvious Lewis obtained a state court order to correct his birth certificate and change his last name. (*See* ECF No. 1, PageID.7–10.) Earlier this month, Lewis filed suit in this Court, alleging that Michigan Secretary of State Jocelyn Benson "refuses to make corrections on [his] driver[']s license . . . when every other agency has." (*Id.* at PageID.3.) He seeks an injunction ordering Benson "to follow the court order as prescribed." (*Id.* at PageID.4 (cleaned up).) Along with his complaint, Lewis also filed a motion to proceed without prepaying filing fees and costs. (ECF No. 2.)

For the reasons below, the Court will grant Lewis' application to proceed *in forma pauperis* and summarily dismiss his complaint.

**I.**

As an initial matter, the Court grants Lewis' motion to proceed without prepayment of the filing fee. (ECF No. 2.) Lewis alleges he has no source of income

and no savings (*id.* at PageID.11–12), so the Court finds he has made the required showing of indigence, *see* 28 U.S.C. § 1915(a)(1).

That said, Lewis' complaint (ECF No. 1) must be dismissed. As the Court will explain, Lewis fails to establish that this Court has subject matter jurisdiction over his claims, *see* 28 U.S.C. §§ 1331, 1332, and fails to state a plausible claim for relief, *see* 28 U.S.C. § 1915(e)(2)(B).

## II.

Lewis' complaint is notably sparse. It contains about seven total sentences or sentence fragments. He starts by describing the alleged wrongdoing:

> The MI Secretary of State refuses to make corrections on my drivers license. Per Macomb County Court order, due to the State of Michigan error on my certificate of live birth. With being stated the MI Secretary of State has forced me to carry fraudulent identification thus far by not correcting my name and initials throughout my identification when every other agency has.

(ECF No. 1, PageID.3 (cleaned up); *see id.* at PageID.3–4.) Lewis goes on to describe the relief he seeks—"injunctive relief to order the MI Secretary of State to follow the court order as prescribed by Macomb County Circuit Court Judge"—and elaborate on his injuries—harm to "[his] self esteem and ability to apply for credit and sign documents legally and is forcing me to travel with false illegal documentation, which lends to my stress." (*Id.* at PageID.4 (cleaned up).) Beyond that, Lewis restates his allegations. (*See id.* at PageID.3.)

## III.

Federal courts have "limited jurisdiction," in contrast with state courts which have "general jurisdiction." This means that federal courts such as this one do not

2

have the statutory or constitutional power to hear and decide all cases. *See* U.S. Const. art. III, § 2, cl. 1; *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts . . . possess[] only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree."). Instead, a federal court generally has power—also known as "subject matter jurisdiction"—to hear two categories of cases: (1) "federal question" cases, where a federal statute, treaty, or constitutional provision is at issue in the plaintiff's case, and (2) "diversity" cases, that is, suits between citizens of different states in which the amount in controversy (the amount the plaintiff claims is at stake or is owed by the defendant) exceeds $75,000, not counting interest and court costs. 28 U.S.C. §§ 1331, 1332. In effect, a federal district court has subject matter jurisdiction if a plaintiff alleges either that (1) the defendant violated federal law or (2) the defendant violated state law, each defendant is a citizen of a different state from the plaintiff, and the violation caused damage of more than $75,000. *Cf. Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

Federal courts have an obligation to confirm that they have subject matter jurisdiction over each case pending before them—and, if subject matter jurisdiction is absent, to dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of

judgment." (citing Fed. R. Civ. P. 12(b)(1))); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in its jurisdiction]; rather a court, noticing the defect, must raise the matter on its own.").

In cases like this one, where a plaintiff has been permitted to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915, the Court has an additional responsibility: screen and dismiss any complaint that is "frivolous" or "malicious" or that "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

So although the Court must liberally construe complaints brought by self-represented plaintiffs, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), it must also screen out complaints that fail to satisfy basic pleading requirements, *see Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) ("Although we construe pro se pleadings liberally, the basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019))); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners . . . is not

4

boundless. . . . Traditionally the 'leniency standard' has still required basic pleading standards." (citation omitted)).

On these threshold questions, Lewis' complaint falls short.

For starters, Lewis' complaint does not demonstrate that the Court has subject matter jurisdiction. Because Lewis is a Michigan citizen suing a Michigan citizen (ECF No. 1, PageID.2), there is no "diversity" of the parties. So the Court's only possible basis for subject matter jurisdiction is federal question jurisdiction.

At least nominally, Lewis asserts a violation of federal law—Lewis uses the Court's general civil rights complaint form and fills out the section for claims brought under 42 U.S.C. § 1983 ("Section 1983"). (*See* ECF No. 1, PageID.3.) As the form explains, Section 1983 allows an individual to sue (1) a state actor (a person acting "under color of state or local law") (2) for violating a federal statutory right or a federal constitutional right. (*See id.*); *Complaint for Violation of Civil Rights (Non-Prisoner)*, U.S. Courts, 3–4 (2016), https://perma.cc/9R7A-5QU9; *see also Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). Lewis satisfies the first requirement by suing the Michigan Secretary of State for injunctive relief only.[1] But he fails to identify any specific constitutional or statutory right that was violated. *See Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any

---

[1] Lewis' complaint does not indicate whether he is suing Benson in her individual or official capacity. (ECF No. 1, PageID.2.) Thus, the Court assumes the latter. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). And any claims against Benson in her official capacity for monetary damages would be barred by the Eleventh Amendment. *See Crabbs v. Scott*, 786 F.3d 426, 428–29 (6th Cir. 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)) ("Damages actions against state officers in their official capacities count as lawsuits against the State.").

5

constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). It is not enough for Lewis to simply use the Section 1983 label. *See Ford v. Hamilton Univ.*, 29 F.3d 255, 258 (6th Cir. 1994) ("Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'" (citation omitted)). He must plausibly show that Section 1983 is applicable to his claims—that the statute is the proper vehicle for Lewis' suit because it remedies the sort of misconduct he alleges. Lewis fails to do so.

In fact, Lewis fails to plausibly allege any violation of law—federal or otherwise. He identifies no legal obligation or right that is at issue or that has been violated. True, he cites (and attaches) the state court order correcting his birth record. (*See* ECF No. 1, PageID.7–10.) But that order is not a source of federal legal obligation, so it is not a basis for suit in a federal court. Nor is the state court order self-executing. As Lewis is no doubt aware based on his experiences successfully changing his name with "every other agency" (*id.* at PageID.3), "records that use [one's] old name do not change automatically" when a state court order is issued in Michigan, *see After Your Name Change*, Mich. Legal Help, https://perma.cc/72P5-7ZLZ. Once "a judge issues an order approving a name change," an individual must "[c]ontact any agency or organization that normally deals with [the individual] under [the individual's] old names." *Id.* In other words, even if Lewis could identify a federal right to have the Michigan Secretary of State update his driver's license in accordance with his court-ordered name change, he would still need to describe what he has done

6

to try to obtain an updated driver's license and what the defendant has done to stand in his way. Lewis provides no such details. He offers only the conclusory assertion that Benson "refuses to update [his] name on [his] driver's license and driver's license records." (ECF No. 1, PageID.3.) That is not enough. *See Williams*, 2022 WL 2966395, at *2 ("[The Court] may not 'conjure up unpleaded facts to support conclusory allegations.'" (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004))).

For the same reasons, Lewis fails to state a claim for relief. Without any identified legal right or legal violation, there is no basis upon which relief can be granted and thus no basis for suit. *See Perry*, 90 F. App'x at 861 ("A failure to identify a right, privilege or immunity that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted." (citing *Codd v. Brown*, 949 F.2d 879, 882 (6th Cir. 1991))). Nor can Lewis state a claim for relief without specifically alleging what Benson did to violate his rights. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing *pro se* complaint where plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"); *see also Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("[The Sixth Circuit] has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to

7

violate the asserted constitutional right." (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002))).

## IV.

In sum, Lewis' complaint must be dismissed. The Court sees no reason to believe that it has subject matter jurisdiction or that there is any basis upon which relief may be granted to Lewis.

The Court GRANTS Lewis' application to proceed *in forma pauperis* (ECF No. 2) but DISMISSES his complaint (ECF No. 1) without prejudice to refiling. A separate judgment will follow.

SO ORDERED.

Dated: December 18, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
